IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DONOVAN CREMEENS,** | **CASE NO. 2:07-cv-572** |
| | **JUDGE SMITH** |
| Petitioner, | **MAGISTRATE JUDGE ABEL** |
| v. | |
| **ERNIE MOORE, Warden,** | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. This action results from petitioner's negotiated March 2006 guilty plea in the Vinton County Court of Common Pleas to conspiracy to commit aggravated murder and gross abuse of a corpse. The trial court imposed an aggregate term of eleven years incarceration pursuant to the joint recommendation of the parties. The Ohio Fourth District Court of Appeals affirmed the trial court's judgment and the Ohio Supreme Court dismissed petitioner's subsequent appeal. In this habeas corpus petition, petitioner asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), and that he was denied the effective assistance of counsel. For the reasons that follow, the Magistrate Judge concludes that these claims are procedurally defaulted or without merit and therefore **RECOMMENDS** that this action be **DISMISSED**.

**FACTS AND PROCEDURAL HISTORY**

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On January 16, 2005, Deputy Tony Wood of the Vinton County Sheriff's Department filed a complaint in the Vinton County Court stating that on or about January 15, 2005, Cremeens purposely caused the death of Marvin Hunt, in violation of R.C. 2903.02(A). A few days later, authorities in Mason County, West Virginia arrested Cremeens. Cremeens waived extradition to Ohio. The trial court conducted a preliminary hearing and found probable cause to believe that Cremeens committed murder or another felony. The court bound Cremeens over to the Vinton County Court of Common Pleas, and the Vinton County Grand Jury subsequently indicted Cremeens on one count of Aggravated Murder, in violation of R.C. 2903.01(A), an unclassified felony in Case No. 05CR7571. At his arraignment, Cremeens entered a plea of not guilty.
>
> On March 29, 2006, the trial court conducted a change of plea hearing. Cremeens agreed to enter a plea of guilty to an amended charge of Conspiracy to Commit Aggravated Murder in violation of R.C. 2923.01(A) and R.C. 2903.01(A), a felony of the first degree. Additionally, it appears that on the morning of that plea hearing, the state filed a bill of information in Case No. 06CR7697. The parties agree that in that case, the state charged Cremeens with Gross Abuse of a Corpse, in violation of R.C. 2927.01(B), a felony of the fifth degree, and Cremeens entered a guilty plea. The parties jointly recommended that the court impose a ten year prison term for the Conspiracy charge and a one year prison term for the Gross Abuse of a Corpse charge, the maximum sentences for each offense, to be served consecutively for a total prison term of eleven years. The trial court considered and adopted the joint sentencing recommendation. However, the trial court did not consolidate the cases. Instead, the court issued a judgment entry of conviction and sentence for the Conspiracy to Commit Aggravated Murder charge in Case No. 05CR7571 and ordered Cremeens to serve that sentence consecutive to his sentence for

> Gross Abuse of a Corpse in the other case. The sentencing entry in Case No. 06CR7697 is not part of the record on appeal. However, the parties agree that the trial court imposed a one year sentence for the Gross Abuse of a Corpse conviction.

*State v. Cremeens*, 2006 WL 4494407 (Ohio App. 4 Dist. November 13, 2006).  Represented by new counsel, petitioner filed a timely appeal.  He asserted the following assignment of error:

> I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM CONSECUTIVE SENTENCES WITHOUT FINDINGS.
>
> II. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA TO THE BILL OF INFORMATION.

*See id.*  On November 13, 2006, the appellate court affirmed the judgment of the trial court. *Id*.  Petitioner filed a timely appeal to the Ohio Supreme Court.  He raised the following propositions of law:

> 1. Appellate counsel who argues an issue under a trial court case number that was not included on the notice of appeal is constitutionally ineffective.
>
> 2. Appellate counsel who overlooks significant and obvious constitutional issues in favor of weak arguments with no chance of success is constitutionally ineffective.
>
> 3. Ohio Revised Code 2929.14(B) contains mandatory language rendering the maximum prison term for a felony of the first degree to be three years and the "severance" effected by the "Foster" decision, absent any legislative action, does not affect the statutory maximum sentence.

*Exhibit 14 to Return of Writ.*  On April 18, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

3

*State v. Cremeens,* 113 Ohio St.3d 1466 (2007).

On June 15, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner's sentence unlawfully exceeds the statutory maximum based on judicial fact finding of elements not alleged, violating due process of law as well as jury rights.
>
> Petitioner's maximum sentence permissible by statute is a concurrent term totaling three years.  The court impermissibly exceeded the three year term to ten years in the absence of any content of the necessary additional elements in the charging instrument and in the absence of valid waiver of jury trial rights on the additional elements.
>
> 2. Petitioner was deprived of effective counsel on direct appeal violating the 6th and 14th Amendments.
>
> Appointed appellate counsel neglected to include both case numbers on the notice of appeal, yet argued that the second, omitted, case number charge was insupportable because no valid charging instrument existed.

It is the position of the respondent that petitioner's claims are without merit or procedurally defaulted.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration.  28 U.S.C.

§2254(b), (c).  If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam); Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error.  *Murray v. Carrier,* 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule."  *Id*.  Second, the Court must determine whether the state courts actually enforced the state procedural sanction.  *Id*.  Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.  *Id*.  Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.  *Id*.  This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level.

5

*Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts that his sentence violates *Blakely v. Washington*, *supra*, 542 U.S. at 296. This claim, being readily apparent from the face of the record, should have been raised on direct appeal; however, petitioner argued in regard to his sentence solely that the trial court improperly imposed maximum and consecutive sentences by failing to make factual findings to support such sentence. *See id.* Contrary to his allegation here, he did not raise a claim under *Blakely*. *See Exhibit 10 to Return of Writ.* Further, as noted by respondent, the trial court sentenced petitioner on March 29, 2006, after the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (2006)(severing portions of Ohio's sentencing statutes as unconstitutional under *Blakely*), and well after the United States Supreme Court's June 24, 2004, *Blakely* decision. The Court recognizes that petitioner did raise his *Blakely* claim on appeal to the Ohio Supreme Court; however, the Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below, and petitioner did not thereby properly preserve this claim for federal habeas corpus review. *See Mitts v. Bagley,* 2005 WL 2416929 (N.D.Ohio Sept. 29, 2005)(habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Ohio Supreme Court), citing *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th Cir.1982)(citing *State v. Phillips,* 27 Ohio St.2d 294, 302, 272 N.E.2d 347 (1971)). Further, petitioner may now no longer raise this claim in the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given an opportunity to enforce the

procedural rule due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been satisfied.

This Court must also decide whether the procedural rule at issue constitutes an adequate and independent basis upon which to foreclose review of petitioner's federal constitutional claim. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rule barring claim one constitutes an adequate and independent state ground for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The requirement that all available claims be presented at the first opportunity serves the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra*.

Thus, petitioner has waived his right to present claim one for federal habeas review. He can still secure review of this claim on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violation that he alleges.

> "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be

7

> attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003)(emphasis in original). As cause for his procedural default, petitioner asserts the ineffective assistance of appellate counsel.

The ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Petitioner asserted on appeal to the Ohio Supreme Court that he had been denied the effective assistance of counsel due to his attorney's failure to raise a claim under *Blakely*. *See Exhibit 14 to Return of Writ*. This Court therefore will consider the merits of such claim to determine whether petitioner has established cause and prejudice for his procedural default of claim one. Upon review of the record, for the reasons that follow, the Magistrate Judge concludes that the claim is without merit.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial,

8

a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987). Defendants appealing their criminal convictions enjoy the same Sixth Amendment right to the effective assistance of counsel on a direct appeal as of right that they have during trial. While appellate counsel is not expected to raise every nonfrivolous issue on direct appeal, counsel is obligated to provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). As with an ineffective assistance of trial counsel claim, a petitioner must demonstrate that counsel's performance was deficient and

9

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 696; *Sims v. Livesay*, 970 F.2d 1575, 1579-81 (6th Cir. 1992). The Court of Appeals for the Sixth Circuit has identified the following considerations that ought to be taken into account in determining whether counsel on direct appeal performed reasonably competently:

a. Were the omitted issues "significant and obvious?"

b. Was there arguably contrary authority on the omitted issues?

c. Were the omitted issues clearly stronger than those presented?

d. Were the omitted issues objected to at trial?

e. Were the trial court's rulings subject to deference on appeal?

f. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

g. What was appellate counsel's level of experience and expertise?

h. Did the Petitioner and appellate counsel meet and go over possible issues?

i. Is there evidence that counsel reviewed all the facts?

j. Were the omitted issues dealt with in other assignments of error?

k. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999). This list is not exhaustive and need not

produce a certain "score." *Id.* at 428.

Petitioner argues that his sentence violates *Blakely* because, as a result of *Foster,* the statutory maximum term permitted for his conviction on his first degree felony conviction on gross abuse of a corpse, a violation of O.R.C. §2927.01(B) was three years incarceration, and the trial court was without authority to impose a greater term of incarceration without making additional factual findings that were not a part of the Bill of Information nor proved beyond a reasonable doubt. *See Traverse.* This argument is not persuasive.

As discussed, in *State v. Foster, supra,* 109 Ohio St.3d at 24, the Ohio Supreme Court struck portions of Ohio's sentencing statutes which required judicial fact finding for imposition of maximum, consecutive, or more than the minimum term of incarceration as unconstitutional:

> Ohio's sentencing statutes offend the constitutional principles announced in *Blakely* in four areas. As was reaffirmed by the Supreme Court in *Booker,* "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."*Booker,* 543 U.S. at 244, 125 S.Ct. 738, 160 L.Ed.2d 621.
>
> Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional. Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences, they are unconstitutional. Because R.C. 2929.14(D)(2)(b) and (D)(3)(b) require judicial finding of facts

11

> not proven to a jury beyond a reasonable doubt or admitted by the defendant before repeat-violent-offender and major-drug-offender penalty enhancements are imposed, they are unconstitutional. *Apprendi,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; *Blakely,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

*Id.* As a result of Foster, state trial courts now have the discretion to impose any sentence authorized within the statutory range for the offense of conviction. *Id.,* at 29-30.

Thus, contrary to petitioner's allegation here, and as discussed by the state appellate court, the maximum sentence for his conviction on conspiracy to commit aggravated murder, a first degree felony, was ten years. O.R.C. 2929.14(A); *State v. Foster, supra*, 109 Ohio St.3d at 29. The maximum sentence for his conviction on abuse of a corpse, a fifth degree felony, was one year. *See id.*

Moreover, and notably in this case, the trial court sentenced petitioner pursuant to the joint recommendation of the parties. *See State v. Cremeens, supra.* The state appellate court therefore rejected petitioner's claim that he had been improperly sentenced as waived:

> In his first assignment of error, Cremeens contends that the trial court erred by imposing the maximum sentences for each of his convictions, and by ordering him to serve those sentences consecutively. Specifically, Cremeens asserts that the trial court failed to consider the seriousness and recidivism factors enumerated in R.C. 2929.12(C)-(E) before imposing the maximum sentence for his two convictions, failed to order a presentence investigation as contemplated by R.C. 2929.19(B)(1), and failed to make the requisite findings pursuant to R.C. 2929.14(E)(4) to support its imposition of consecutive sentences.

The version of R.C. 2953.08(D) in effect at both the time Cremeens committed the offenses and the trial court sentenced him for the offenses at issue provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." [FN2]

FN2. We note that in the most recent version of R.C. 2953.08, effective August 3, 2006, Section (D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

In applying R.C. 2953.08(D), the Ohio Supreme Court has recognized that: "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *State v. Porterfield,* 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25. See, also, *State v. Franklin,* Meigs App. No. 05CA9, 2006-Ohio-1198, at ¶ 15; *State v. Covington,* Muskingum App. No. No. CT2005-0038, 2006-Ohio-2700, at ¶ 12; *State v. Hammond,* Cuyahoga App. No. 86192, 2006-Ohio-1570.

Moreover, we note that in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that the portions of Ohio's statutory sentencing scheme that required sentencing courts to make factual findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences are unconstitutional. *Id.* at paragraphs 1-6 of the syllabus. In doing so, the Court severed the offending portions of the sentencing statutes, and retained those portions that do not violate the constitution. *Id.* at ¶ 96. The Court then held that "[t]rial courts

> have full discretion to impose a prison sentence within the statutory range, and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at paragraph seven of the syllabus. Furthermore, the Court recognized that "there is no mandate for judicial fact-finding in the general guidance statutes[,]" i.e. R.C. 2929.11 and 2929.12. *Id.* at ¶ 42. Instead, the court is merely to 'consider' the statutory factors. *Id.*
>
> Here, Cremeens concedes that he and the prosecution submitted a joint sentencing recommendation that the court impose maximum, consecutive sentences, and that the court followed their joint recommendation. Therefore, so long as the sentences are authorized by law, R.C. 2953.08(D) provides that they are not subject to appellate review. The court imposed a ten year sentence for Cremeens's conviction for Conspiracy to Commit Aggravated Murder, a first degree felony. The statutory sentencing range available for a first degree felony is three to ten years. R.C. 2929.14(A)(1). The sentencing entry for Cremeens's conviction for Gross Abuse of a Corpse is not properly before this court. However, the parties agree that the trial court imposed a one year sentence for that offense, which falls within the statutory sentencing range of six to twelve months for a fifth degree felony. R.C. 2929.14(A)(5). Because Cremeens's sentences fall within the permissible statutory range for his offenses, they are not contrary to law. Similarly, the court's imposition of consecutive sentences is not contrary to law because, pursuant to the Supreme Court's holding in *Foster*, supra, trial courts possess the discretion to impose consecutive prison terms without any judicial fact finding. *Foster* at ¶ 96 and ¶ 99. Accordingly, we overrule Cremeens's first assignment of error and affirm the trial court's judgment.

*State v. Cremeens, supra*.

For all of the foregoing reasons, petitioner has failed to establish the ineffective assistance of appellate counsel He likewise has failed to establish cause and prejudice for his procedural default of claim one.

14

## CLAIM TWO

In claim two, petitioner asserts the ineffective assistance of appellate counsel because his attorney failed to include the criminal case number of his conviction on gross abuse of a corpse in his notice of appeal, resulting in the appellate court's refusal to consider his claim of error in this case. The state appellate court refused to consider the claim as follows:

> In his second assignment of error, Cremeens contends that the trial court erred in accepting his guilty plea to the Gross Abuse of a Corpse charge set forth in the bill of information filed the morning of his plea hearing. Specifically, Cremeens contends that the facts enumerated in the bill of information are insufficient to support a conclusion that he is guilty of Gross Abuse of a Corpse in violation of R.C. 2927.01(B). We find that this court lacks jurisdiction to consider this assignment of error.
>
> App.R. 3(D) provides, in relevant part, that "a notice of appeal*** shall designate the judgment, order or part thereof appealed from ***." "App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of 'just what appellants ... [are] undertaking to appeal from.' " *Parks v. Baltimore & Ohio R.R.* (1991), 77 Ohio App.3d 426, 428, citing *Maritime Manufacturers, Inc. v. Hi-Skipper Marina* (1982), 70 Ohio St.2d 257, 258-259. A party must file a written notice of appeal within thirty days of the entry of the judgment appealed. App.R. 4(A). The timely filing of a notice of appeal to the Court of Appeals is a jurisdictional prerequisite. *State v. Alexander,* Franklin App. Nos. 05AP-192, 05AP-245, 2006-Ohio-5997, at ¶ 16-17. However, App . R. 5(A) provides that a criminal defendant may file a motion for leave to file a delayed appeal after the expiration of the thirty day period for appeal provided by App.R. 4(A).
>
> Here, Cremeens's notice of appeal only designates that he

>appeals the March 29, 2006 judgment entry in Case No. 05CR7571. However, his second assignment of error relates to his guilty plea in Case No. 06CR7697. Because Cremeens did not file either a timely notice of appeal or a motion for leave to file a delayed appeal of his conviction for Gross Abuse of a Corpse in Case No. 06CR7697, we lack the necessary jurisdiction to consider his second assignment of error.

*State v. Cremeens, supra.* Nonetheless, petitioner has failed to establish any prejudice from counsel's failure.

The claim that the appellate court did not address on the merits was one in which petitioner alleged that his conviction on abuse of a corpse violated *Blakely*, because the facts recited by the trial judge at the time of petitioner's guilty plea alleged failed to support a finding of guilt on this charge. This claim is plainly without merit.

Petitioner waived his right to indictment by a grand jury and pleaded guilty to the Bill of Information charging him with the fifth degree felony of gross abuse of a corpse. *See Exhibits 10 and 19 to Return of Writ*. By entry of his guilty plea, he waived the right to challenge defects in the charging document or dispute that there was sufficient evidence to convict him.

>[C]laims about the deprivation of constitutional rights that occurred before [a] guilty plea... are foreclosed by [the] guilty plea. *United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Simply stated, "[a] voluntary and *734 unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir.2001).

*Siebert v. Jackson*, 205 F.Supp.2d 727, 733-34 (E.D. Michigan February 13, 2002). The

Constitution does not require a trial court to inquire into the factual basis for the guilty plea. *Roddy v. Black*, 516 F.2d 1380, 1385. In any event, the record in this case reflects a sufficient basis for petitioner's guilty plea.

The Bill of Information charged petitioner with recklessly treating the corpse of Marvin Hunt in a way that would outrage reasonable community sensibilities, in violation of O.R.C. §2927.01(B). *Exhibit 2 to Return of Writ*. That language tracks the language of the statute, which provides:

> Offenses against human corpse
>
> (A) No person, except as authorized by law, shall treat a human corpse in a way that the person knows would outrage reasonable family sensibilities.
>
> (B) No person, except as authorized by law, shall treat a human corpse in a way that would outrage reasonable community sensibilities.
>
> (C) Whoever violates division (A) of this section is guilty of abuse of a corpse, a misdemeanor of the second degree. Whoever violates division (B) of this section is guilty of gross abuse of a corpse, a felony of the fifth degree.

O.R.C. §2927.01. At sentencing, the prosecutor provided the following facts in support of the charges:

> Mr. Cremeens participated with Ruth Ann Woods in planning and facilitating the killing and murder of Marvin Hunt and afterwards, your Honor, after Miss Woods shot and killed Marvin Hunt, Donovan was responsible for driving over him with his vehicle which leads to gross abuse of a corpse charge.

*Transcript, Exhibit 19 to Return of Writ*, at 2. Petitioner admitted his guilt to these facts

which constitute a sufficient basis for his conviction and sentence on the felony charge. *See, e.g., State v. Condon*, 152 Ohio App.3d 629, 648-49 (Ohio App. 1st Dist. May 9, 2003)(taking unauthorized photographs of deceased may constitute a violation of O.R.C. 2927.01(B)); *State v. Nobles*, 106 Ohio App. 3d 246, 267 (Ohio App. 2nd Dist. September 1, 1995)(a violation of the felony statute may be found in any attempt to conceal the body, such as placing the victim in a garbage bag kept in the closet for several days, and thereafter thrown in a dumpster)(citations omitted). Additionally, for the reasons discussed, *supra,* the record fails to reflect that the trial court's imposition of the maximum term of twelve months incarceration on this charge, consecutive to the other sentence imposed, violated B*lakely*.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

        s/Mark R. Abel  
        United States Magistrate Judge