# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DONOVAN CREMEENS,**

    Petitioner,

v.

**ERNIE MOORE, Warden,**

    Respondent.

CASE NO. 2:07-cv-572
JUDGE SMITH
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On June 2, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), as procedurally defaulted. He again contends that such claim was properly presented to the state courts on appeal to the Ohio Supreme Court. Petitioner also again argues that he was sentenced beyond the maximum term permissible under Ohio law for his offenses of conviction. He asserts that application of *State v. Foster*, 109 Ohio St.3d 1 (2006), to his sentence violates the Ex Post Facto Clause. He again argues that he was denied the effective assistance of appellate counsel due to his attorney's failure to raise a *Blakely* claim on direct appeal.

Petitioner's arguments are not persuasive. Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner's *Blakely* claim is procedurally defaulted, and that petitioner has failed to establish cause and prejudice for such default. Further, his claim of ineffective assistance of appellate counsel lacks merit. As to petitioner's assertion now that application of *Foster* violated the Ex Post Facto Clause, the Court notes that petitioner previously stated that he was not raising such a claim in these proceedings, *see Traverse*, at 5-6, and he may not now amend his petition to include a new claim in these objections. In any event, petitioner failed to present such claim on direct appeal. Like petitioner's claim that his sentence violated *Blakely*, therefore, this claim also is procedurally defaulted.

For the foregoing reasons, and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED.**

**IT IS SO ORDERED**.

    /s/George C. Smith
GEORGE C. SMITH
United States District Judge